# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN HANCOCK, on behalf of himself and other persons similarly situated,<br><br>    Plaintiff,<br><br>    v.<br><br>AAA GALVANIZING - PEORIA, INC. and AZZ INC.,<br><br>    Defendants. | Case No.: 1:21-cv-4890<br>**Removed From:**<br>The Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois, Law Division Case No. 2021L000612 |

## NOTICE OF REMOVAL

Defendants, AAA Galvanizing – Peoria, Inc. d/b/a AZZ Galvanizing – Peoria ("AZZ Peoria") and AZZ Inc. ("AZZ") (collectively "Defendants"), by and through their attorneys, Baker & McKenzie LLP, hereby remove the above-captioned action, which is currently pending in the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois, to the United States District Court for the Northern District of Illinois, Eastern Division. This Court has jurisdiction over this action based on diversity principles pursuant to 28 U.S.C. § 1332(a), the Class Action Fairness Act of 2005 ("CAFA") pursuant to 28 U.S.C. § 1332(d), and 28 U.S.C. §§ 1441 and 1446. Removal is proper for the following reasons:

## BACKGROUND

1. On August 10, 2021, Plaintiff John Hancock ("Plaintiff") filed a putative class action lawsuit against Defendants in the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois, Case No. 2021L000612.

2. Defendant AZZ Peoria was served on August 16, 2021, and Defendant AZZ was served on September 3, 2021, each with a copy of the Summons and Complaint, which was

Defendants' first formal notice of this action. A true and correct copy of the Complaint and Summons are attached hereto as **Exhibit A**.

3. The Complaint alleges that Defendants violated the Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.* ("BIPA"), by: (1) failing to develop and/or make public a written policy to Plaintiff and class members, in violation of Section 15(a) of BIPA; (2) collecting, capturing, obtaining and storing Plaintiff's and class members' biometric identifiers and/or information without informing them in writing and obtaining a written release, in violation of Section 15(b) of BIPA; and (3) failing to store Plaintiff's and class members' biometric data using the reasonable standard of care within Defendants' industry and/or in a manner that is the same as or more protective than the manner in which they store, transmit, and protect other confidential and sensitive information, in violation of Section 15(e) of BIPA. (Compl. ¶¶ 34-36).

4. Plaintiff brings his Complaint on behalf of a proposed class of "[a]ll individuals whose biometric information Defendants collected or stored in Illinois." (Compl. ¶ 29).

5. Plaintiff seeks liquidated damages, or actual damages, whichever is greater. (Compl. ¶ 38). Plaintiff's Complaint seeks statutory damages arising from alleged willful and/or reckless violations of BIPA, which could be up to $5,000 per violation. (Compl., Prayer for Relief; 740 ILCS 14/20(2)). Plaintiff also seeks punitive damages, attorneys' fees and costs, and pre-judgment and post-judgment interest. (Compl., Prayer for Relief).[1]

## TIMELINESS OF REMOVAL

6. This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446, because it is filed within thirty (30) days of Defendants' receipt of the Summons and Complaint.

---

[1] Defendants deny that Defendants in any way violated BIPA and further deny that Plaintiff is entitled to any damages whatsoever, including, but not limited to, any damages for willful and/or reckless violations of BIPA.

7. No previous Notice of Removal has been filed or made with this Court for the relief sought herein.

8. Defendants have not yet filed an Answer or otherwise appeared in the Circuit Court.

## REMOVAL ON THE BASIS OF CAFA JURISDICTION

9. This Court has jurisdiction over this matter under CAFA. *See* 28 U.S.C. § 1332(d). CAFA grants district courts original jurisdiction over civil actions in which any member of the class of plaintiffs is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. *Id.*

10. This action meets all of CAFA's requirements for removal.

11. A corporation is a citizen of its state of incorporation and the state where it has its principal place of business. 28 U.S.C. § 1332(c). A corporation's principal place of business is where its officers direct, control, and coordinate the corporation's activities. *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010).

12. Defendant AZZ Peoria is a corporation formed under the laws of Delaware and its principal place of business is in Texas. AZZ Peoria's headquarters are in Fort Worth, Texas, and its corporate officers and senior executives who direct, control, and coordinate its operations are located in Texas. Therefore, AZZ Peoria is a citizen of Delaware and Texas.

13. Defendant AZZ is a corporation formed under the laws of Texas and its principal place of business is also in Texas. AZZ's headquarters are in Fort Worth, Texas, and its corporate officers and senior executives who direct, control, and coordinate its operations are located in Texas. Therefore, AZZ is a citizen of Texas.

14. Plaintiff is a citizen of Illinois. (Compl. ¶ 12).

15. The requirements for diversity under CAFA are satisfied because Defendants are citizens of Texas and Delaware, and Plaintiff is a citizen of a different state, Illinois.

16. Defendants are not state, state official, or other governmental entities, as required by 28 U.S.C. § 1332(d)(5)(A).

17. The putative class consists of 100 or more individuals, as required by 28 U.S.C. § 1332(d)(5)(B). Plaintiff alleges that past and present employees of Defendants were required to clock-in and clock-out by scanning their fingerprints into a fingerprint scanning machine. (Compl. ¶ 3). While Defendants deny that they captured biometrics of Plaintiff and any putative class members as alleged in the Complaint, Defendants enrolled approximately 609 employees[2] to use a timeclock system that captured partial images of employees' hands within the past five (5) years.[3] The putative class therefore consists of more than 100 individuals.

18. Plaintiff's Complaint does not state the total amount of damages claimed. However, the pleadings and the putative class size plausibly place more than $5,000,000 in controversy in this action. *See Oshana v. Coca-Cola Co.*, 472 F.3d 506, 511 (7th Cir. 2006).

19. Plaintiff alleges that Defendants owe statutory damages for each violation of BIPA which, for intentional and/or reckless violations, could plausibly amount to $5,000 per violation. (Compl. ¶¶ 37, Prayer for Relief § C; 740 ILCS 14/20(2)). Plaintiff seeks damages for violations of no fewer than three (3) provisions of BIPA per putative class member (Sections 15(a), (b) and (e) of BIPA). (*See* Compl. ¶¶ 34-36). With the putative class being 609 individuals, the total

---

[2] An additional approximately 181 individuals were enrolled in the timeclock system but have signed waivers of any claims arising from biometric data collection, storage, or use and are therefore not included in the putative class.

[3] Defendants acknowledge that the Illinois Appellate Courts for the First and Third Districts have granted interlocutory appeals related to the statute of limitations applicable to BIPA actions. *See Tims v. Black Horse Carriers, Inc.,* No. 1-20-0562 (Ill. App. Ct. 1st Dist.); *Marion v. Ring Container Techs., LLC,* No. 3-20-0184 (Ill. App. Ct. 3rd Dist.). Defendants use a five-year time frame for purposes of this Notice of Removal only and do not concede that a five-year statute of limitations is proper.

amount of damages claimed plausibly exceeds $5,000,000, and it can be calculated as follows: 609 employees x 3 BIPA violations x $5,000 = $9,135,000. Therefore, the amount in controversy exceeds CAFA's jurisdictional minimum.[4]

20. Removal of this action is appropriate under CAFA because there is diversity of citizenship and the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs.

## JURISDICTION UNDER DIVERSITY PRINCIPLES

21. District courts have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different states. 28 U.S.C. § 1332(a). That standard is met in this action.

22. As set forth in Paragraphs 11 through 14 above, Defendants are citizens of Delaware and Texas and Plaintiff is a citizen of Illinois.

23. Accordingly, as of the date of this Notice of Removal, complete diversity exists between Defendants, citizens of Delaware and Texas, and Plaintiff, an Illinois citizen.

24. Additionally, as set forth above in Paragraphs 18 and 19, Plaintiff's allegations show that the amount in controversy in this action exceeds the jurisdictional minimum of $75,000.

25. Thus, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a), based on the parties' diversity of citizenship and the amount in controversy exceeding $75,000, exclusive of interest and costs.

## VENUE

26. Venue is proper in this district, pursuant to 28 U.S.C. §§ 1441(a) and 93(a)(1),

---

[4] Defendants deny that Defendants violated BIPA and further deny that Plaintiff is entitled to any damages arising from such alleged violations. Defendants set forth this damages calculation, based upon Plaintiff's allegations in the Complaint and the statutory language of BIPA, solely for purposes of this Notice of Removal.

5

because the District Court for the Northern District of Illinois, Eastern Division, is the judicial district and division embracing Will County, where the state court case is pending.

## NOTICE OF REMOVAL

27. Pursuant to 28 U.S.C. § 1446(a), Defendants are filing copies of all process, pleadings, and orders existing on file in the Circuit Court of the Twelfth Judicial Circuit, Will County, Case No. 2021L000612. *See* Ex. A.

28. This Notice of Removal is concurrently being served on Plaintiff, and Defendants shall promptly file with this Court a certificate of service of such notice.

29. Defendants file this Notice of Removal solely for the purpose of removing the instant action and do not waive, and specifically reserve, any and all defenses.

WHEREFORE, Defendants AAA Galvanizing – Peoria, Inc. d/b/a AZZ Galvanizing – Peoria and AZZ Inc. respectfully request that the above action, now pending in the Circuit Court of the Twelfth Judicial Circuit, Will County, Case No. 2021L000612, be removed to the United States District Court for the Northern District of Illinois, Eastern Division.

*Signature block on following page.*

Dated: September 15, 2021

Respectfully submitted,

AAA Galvanizing – Peoria, Inc. d/b/a AZZ Galvanizing – Peoria and AZZ Inc.

By: */s/ William F. Dugan*
    William F. Dugan
    One of Defendants' Attorneys

William F. Dugan
Remy D. Snead
**BAKER & MCKENZIE LLP**
300 E. Randolph St., Suite 5000
Chicago, IL 60605
Telephone: +1 312 861 8000
Facsimile: +1 312 861 2899
*william.dugan@bakermckenzie.com*
*remy.snead@bakermckenzie.com*

7

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2021, the foregoing Notice of Removal and all exhibits were filed with the Court via ECF filing, and that I served the foregoing Notice of Removal and all exhibits thereto via e-mail and U.S. mail, postage prepaid, on:

William H. Beaumont
Roberto Luis Costales
Beaumont Constales LLC
107 W. Van Buren, Suite 209
Chicago, IL 60605
rlc@beaumontcostales.com
whb@beaumontcostales.com
*Attorneys for Plaintiff*

By: _/s/ William F. Dugan_____
William F. Dugan