# EXHIBIT A

 **CT Corporation**

**Service of Process Transmittal**
08/16/2021
CT Log Number 540080396

TO: Tara Mackey
AZZ Incorporated
3100 W 7th St Ste 500, One Museum Place
Fort Worth, TX 76107-8701

RE: **Process Served in Illinois**

FOR: AAA-Galvanizing - Peoria, Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | John Hancock, Pltf. vs. AAA Galvanizing - Peoria, Inc. and AZZ, Inc, Dfts. |
| **DOCUMENT(S) SERVED:** | -- |
| **COURT/AGENCY:** | None Specified<br>Case # 2021L000612 |
| **NATURE OF ACTION:** | Employee Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 08/16/2021 at 12:25 |
| **JURISDICTION SERVED :** | Illinois |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 08/16/2021, Expected Purge Date: 08/21/2021 |
| | Image SOP |
| | Email Notification,  Tara Mackey  taramackey@azz.com |
| | Email Notification,  Mary Jackson  MaryJackson@azz.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>866-665-5799<br>SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



# PROCESS SERVER DELIVERY DETAILS

**Date:**            Mon, Aug 16, 2021

**Server Name:**     Sheriff Drop

| Entity Served | AAA GALVANIZING OF PEORIA INC |
|---------------|-------------------------------|
| Case Number   | 2021L000612                   |
| Jurisdiction  | IL                            |



| STATE OF ILLINOIS, CIRCUIT COURT | SUMMONS | For Court Use Only |
|---|---|---|
| Will COUNTY | | |

| Instructions ▼ | | |
|---|---|---|
| Enter above the county name where the case was filed. | John Hancock | |
| | **Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the names of all people you are suing as Defendants/Respondents. | v. | |
| | AAA Galvanizing - Peoria, Inc. and AZZ, Inc. | **2021L 000612** |
| Enter the Case Number given by the Circuit Clerk. | **Defendant / Respondent** *(First, middle, last name)* | **Case Number** |

| | |
|---|---|
| In 1, if your lawsuit is for money, enter the amount of money you seek from the Defendant/Respondent. | **1. Information about the lawsuit:**<br>Amount claimed: ___ $ in excess of 50,000 ___ |
| In 2, enter your contact information. If more than 1 person is bringing this lawsuit, attach an *Additional Plaintiff/Petitioner Contact Information* form. | **2. Contact information for the Plaintiff/Petitioner:**<br>Name *(First, Middle, Last)*: William H. Beaumont<br>Street Address, Apt #: 107 W. Van Buren, Suite 209<br>City, State, ZIP: Chicago, IL 60605<br>Telephone: (773) 831-8000<br>See attached for additional Plaintiff/Petitioner contact information |
| In 3, enter the name of the person you are suing and their address.<br>If more than 1 person is being sued, attach an *Additional Defendant/Respondent Contact Information* form. | **3. Contact information for the Defendant/Respondent:**<br>Name *(First, Middle, Last)*: AAA Galvanizing of Peoria, Inc. (agent: CT Corporation)<br>Street Address, Apt #: 208 So Lasalle Street, Suite 814<br>City, State, ZIP: Chicago, IL 60604<br>Telephone:<br>See attached for additional Defendant/Respondent contact information |

**Important Information for the person receiving this form:**

You have been sued.
Follow the instructions on the next page on how to appear/answer.
If you do not appear/answer the court may decide the case without hearing from you and enter a judgment against you for what the plaintiff/petitioner is asking.
Your written appearance/answer must be filed on time and in the proper form.
Forms for a written appearance/answer are available here:
http://www.illinoiscourts.gov/forms/approved/default.asp
If you cannot afford to pay the fee for filing your appearance/answer, ask the circuit clerk for an application for waiver of court fees.
You should read all of the documents attached.

**4.** **Instructions for person receiving this form (Defendant/Respondent):**

In 4, the Circuit Clerk will give you the court date or appearance date, check any boxes that apply, and include the address of the court building and room where the Defendant/Respondent must file their response.

To respond to this *Summons* you must:

☐ Go to court:

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____ Court Room: _____

City, State, ZIP: _____

☐ File a written *Appearance* and *Answer/Response* with the court:

On or before this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: _____

☑ File a written *Appearance* and *Answer/Response* with the court within 30 days from the day you receive this *Summons* (listed below as the "Date of Service").

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: 100 W. Jefferson Street Joliet, IL 60432 _____

**STOP!**
The Circuit Clerk will fill in this section.

**Witness this Date:** _____8/10/2021_____

**Clerk of the Court:** *Andrea Lynn Chasteen* _____ of Court

**STOP!**
The officer or process server will fill in the Date of Service.

**This *Summons* must be served within 30 days of its date, listed above.**

Date of Service: _____

*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant/Respondent or other person.)*

**Plaintiff/Petitioner:**

To serve this *Summons*, you must hire the sheriff (or a private process server outside of Cook County) to deliver it and your Complaint/Petition to the Defendant/Respondent. If the sheriff (or private process server outside of Cook County) tries but can't serve the *Summons*, fill out another summons and repeat this process.

**Attention:**

E-Filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp. or talk with your local circuit clerk's office.

| STATE OF ILLINOIS,<br>CIRCUIT COURT<br><br>Will _____ COUNTY | **AFFIDAVIT OF SERVICE OF<br>SUMMONS AND<br>COMPLAINT/PETITION** | *For Court Use Only* |
|---|---|---|

| **Instructions** | |
|---|---|
| Enter above the county name where the case was filed. | John Hancock<br>**Plaintiff / Petitioner** *(First, middle, last name)* |
| Enter your name as Plaintiff/Petitioner. | |
| Enter the name of the person you are suing as Defendant/Respondent. | v.<br><br>AAA Galvanizing - Peoria, Inc. and AZZ, Inc. |
| Enter the Case Number given by the Circuit Clerk. | **Defendant / Respondent** *(First, middle, last name)* |

**Case Number** _____

---

**\*\*Stop. Do not complete the form. The sheriff will fill in the form.\*\***

DO NOT complete this section. The sheriff will complete it.

My name is _____ and I swear under oath
                *First, Middle, Last*

that I served the *Summons* and Complaint/Petition on the Defendant/Respondent

_____ **as follows:**
*First, Middle, Last*

- ☐ Personally on the Defendant/Respondent:
  Male: ☐  Female: ☐  Approx. Age: _____  Hair Color: _____
  Height: _____  Weight: _____
  On this date: _____  at this time: _____ ☐ a.m. ☐ p.m.
  Address: _____
  City, State, ZIP: _____

- ☐ At the Defendant/Respondent's home:
  On this date: _____  at this time: _____ ☐ a.m. ☐ p.m.
  Address: _____
  City, State, ZIP: _____
  And left it with: _____
                  *First, Middle, Last*
  Male: ☐  Female: ☐  Approx. Age: _____
  and by sending a copy to this defendant in a postage-paid, sealed envelope to the
  above address on _____ , 20 _____ .

- ☐ On the Corporation's agent, _____
                  *First, Middle, Last*
  On this date: _____  at this time: _____ ☐ a.m. ☐ p.m.
  Address: _____
  City, State, ZIP: _____

DO NOT complete this section. The sheriff, or private process server will complete it.

**By:**

_____

_Signature_

_____

_Print Name_

**FEES**

| | | |
|---|---|---|
| By certified/registered | $ | _____ |
| Service and Return | $ | _____ |
| Miles: _____ | $ | _____ |
| Total $ _____ | | |

Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
2021L 000612
Filed Date: 8/10/2021 3:48 PM
Envelope: 14383344
Clerk: KJ

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

| | |
|---|---|
| JOHN HANCOCK, on behalf of himself and other persons similarly situated, | Case No.: **2021L 000612** |
| Plaintiff, | |
| v. | **CLASS ACTION COMPLAINT** |
| AAA GALVANIZING - PEORIA, INC. and AZZ, INC., | |
| Defendants. | |

Plaintiff John Hancock files the following Class Action Complaint against Defendants AAA Galvanizing - Peoria, Inc. and AZZ, Inc.:

## **NATURE OF THE ACTION**

1.     This is an action by John Hancock ("Plaintiff") on behalf of himself and a class of similarly situated individuals ("class members") to obtain statutory damages and other equitable relief under the Illinois Biometric Information Privacy Act ("BIPA" or "the Act").

2.     Plaintiff and class members are subject to the unlawful biometric scanning and storage practices of the Defendants, AAA Galvanizing - Peoria, Inc. and AZZ, Inc.

3.     As past and present employees of Defendants, Plaintiff and class members were required to provide Defendants with their personalized biometric indicators and the biometric information derived therefrom ("biometric data"). Specifically, Defendants collect and store their employees' fingerprints and require their employees to clock-in and clock-out by scanning their fingerprints into a fingerprint-scanning machine.

4.     Following the capture of their employees' biometric data, Defendants use this data to compare the future scans of their employees' fingerprints into a punch-clock device. The punch-

1

Initial case management set for
11/29/2021     at:  9:00    a.m.

clock device scans each fingerprint and confirms that the employee punching in to work is who they claim to be. The collection of the punch-clock fingerprint entries is then used to confirm employees' presence.

5.      Plaintiff and class members have not been notified where their fingerprints are being stored, for how long Defendants will keep the fingerprints, and what might happen to this valuable information.

6.      The State of Illinois recognized the value and importance of preserving people's biometric data when it passed the Illinois Biometric Information Privacy Act.

7.      Unlike other forms of personal identification, such as photo IDs or passwords, fingerprints are immutable aspects of our bodies. This makes them a promising source of future identification-related technology, particularly in our increasingly insecure technological world.

8.      If Defendants insists on collecting and storing their employees' fingerprints, Defendants must comply with BIPA. This includes (1) notifying employees the practice is taking place; (2) informing employees of how the practice is implemented; (3) obtaining written consent from the employees to collect and store their biometric data; (4) maintaining their employees' biometric data in a sufficiently secure manner; and (5) maintaining a publicly available disclosure of how the biometric data will be handled and destroyed.

9.      Unfortunately for Plaintiff and class members, none of these directives were followed. Accordingly, Plaintiff brings this action on behalf of himself and class members to obtain statutory damages and injunctive relief for violations of the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1 *et seq.*

## JURISDICTION

10.     This Court has jurisdiction over Defendants because Defendants do business extensively in Illinois. Furthermore, Defendants' unlawful conduct arose and was perpetuated by Defendants in Illinois.

## VENUE

11.     Venue is proper in this Court because Defendants are doing business and have a base of operations in Will County. Additionally, Defendants' unlawful conduct arose and was perpetuated by Defendants while they were located in Will County.

## PARTIES

12.     Plaintiff is a citizen of Illinois and was subject to the same fingerprint-storing practices as other of Defendants' employees, outlined in further detail below.

13.     Defendant AAA Galvanizing - Peoria, Inc. is an Illinois-based corporation and conducts substantial business in the state of Illinois.

14.     Defendant AZZ, Inc. is the corporate parent of AAA Galvanizing - Peoria, Inc. and conducts substantial business in the state of Illinois.

15.     Plaintiff worked at AZZ, Inc.'s division AAA Galvanizing - Peoria, Inc. The conditions of Plaintiff's work environment, including matters pertaining to employee timekeeping and employee privacy were controlled by Defendants AZZ, Inc. and AAA Galvanizing - Peoria, Inc.

16.     Plaintiff's employment file was maintained by both AZZ, Inc. and AAA Galvanizing - Peoria, Inc.

3

## FACTUAL ALLEGATIONS

17.     During the class period Defendants required certain employees to scan their fingerprints in order to clock in and out at Defendants' jobsites.

18.     As part of this process, Defendants recorded and stored certain employees' fingerprint biometrics using fingerprint-scanning computer technology.

19.     As part of this process, Defendants associated employees' biometric data with their personal identifying information, such as name and address.

20.     Thus, Defendants caused the biometric data from employees' fingerprints to be recorded, collected, and stored.

21.     Defendants did not inform in writing either Plaintiff or class members that their biometric data was being recorded, obtained, collected, and/or stored.

22.     Defendants did not inform in writing either Plaintiff or class members the specific purpose and length of term for which their biometric data would be collected, stored, and/or used.

23.     Defendants did not obtain Plaintiff's or class members' written consent to record, collect, obtain, and/or store Plaintiff and class members' biometric data.

24.     Defendants did not obtain Plaintiff's or class members' written consent to capture and store Plaintiff's and class members' biometric data.

25.     Defendants did not disclose to Plaintiff, class members, or the public its written retention schedule and guidelines for permanently destroying employee biometric data.

26.     Defendants did disclose to Plaintiff or class members, in writing, of the specific purpose and length of term for which it was collecting, storing, and/or using class members' biometric information.

27. Defendants did not disclose to Plaintiff the identities of any third parties with whom Defendants were directly or indirectly sharing, disclosing, or otherwise disseminating class members' biometric information.

28. Upon information and belief, Defendants are storing their data in a manner less secure than it stores other similarly sensitive data. Upon information and belief, Defendants store their employees' social security numbers (along with similar personal data) and confidential business records on personal computer systems with demonstrably more security than their fingerprint scanning machines possess. In addition to higher cyber security, Defendants' personal computer systems are in secure physical locations not as easily accessible to third-parties and Defendants' employees.

## **CLASS ACTION ALLEGATIONS**

29. Plaintiff seeks to certify a class action pursuant to 735 ILCS § 5/2-801 on behalf of the following class:

> *"All individuals whose biometric data Defendants collected or stored in Illinois."*

30. Class treatment in this case is appropriate because:

(a) The class is so numerous that joinder of all members is impracticable. While the precise number of class members has not been determined, Plaintiff is informed and believes that there are sufficiently numerous class members such that joinder in impracticable;

(b) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members; these common questions of law and fact include, without limitation:

5

      i.  Whether Defendants collected and recorded class members' biometric data;

      ii.  Whether Defendants obtained any class members' written consent to collect their biometric data;

      iii.  Whether Defendants' conduct violates the BIPA; and

      iv.  Whether Plaintiff and class members are entitled to damages and/or injunctive relief.

(c) Given the nature of the employer-employment relationship, and the fact that Defendants' employees will likely risk their jobs and/or livelihoods to enforce their rights under the BIPA, members of the class will be reluctant to bring forth claims for unpaid wages and notices violations for fear of retaliation;

(d) The class representative, class members and Defendants have a commonality of interest in the subject matter and remedies sought and the Plaintiff is able to fairly and adequately represent the interest of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, the Defendants and the Court.

(e) The class action provides a superior method for fairly and efficiently adjudicating this controversy because many class members cannot feasibly vindicate their rights by individual suit because the value of their recoveries are outweighed by the burden and expense of litigating against the Defendants.

31.    Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

**COUNT I**
**VIOLATIONS OF ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT**
(Damages)

32.     Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

33.     Defendants recorded, collected, and stored Plaintiff's and class members' biometric identifiers and biometric information as defined by 740 ILCS § 14/10 of the Act. Every instance of Defendants collecting, capturing, storing, and/or sharing Plaintiff's and class members' biometrics identifiers and biometric information constitutes a violation of the Act.

34.     Defendants violated Section 14/15(a) of the Act by failing to develop and/or make public a written policy to Plaintiff and class members.

35.     Defendants violated Section 14/15(b) of the Act by collecting, capturing, obtaining and storing Plaintiff's and class members' biometric identifiers and/or information without informing them in writing and obtaining a written release, that:

> (a) The biometric data was being recorded, obtained, collected, or stored; and

> (b) The specific purpose and length of term for which the biometric data was being collected, captured, obtained, and/or stored.

36.     Defendants violated 14/15(e) of the Act by failing to store class members biometric data using the reasonable standard of care within its industry and/or in a manner that is the same as or more protective than the manner in which they store, transmit, and protect other confidential and sensitive information.

37.     Defendants' conduct is at best negligent and at worst reckless.

38.     Accordingly, Defendants are liable to Plaintiff and class members in the amount of liquidated damages, or actual damages, whichever is greater. 740 ILCS § 14/20(1).

<u>**COUNT II**</u><br>
<u>**VIOLATIONS OF ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT**</u><br>
(Injunctive Relief)

39.     Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

40.     The Act provides for injunctive relief. 740 ILCS § 14/20(4).

41.     Plaintiff and class members are entitled to an order requiring Defendants to make disclosures consistent with the Act and enjoining further unlawful conduct.

42.     Plaintiff seeks an order requiring Defendants to publicly disclose a written policy establishing the specific purpose and length of term for which class members' biometric data has been collected, stored, and used. Additionally, Plaintiff seeks a disclosure from Defendants relative to their policy of permanently destroying class members' biometric data. 740 ILCS § 14/15(a).

43.     Plaintiff seeks an order requiring Defendants to disclose whether Defendants retained his or any other class members' biometrics, and, if so, when and how such biometrics were permanently destroyed.

44.     Plaintiff seeks an order requiring Defendants to disclose to whom it has disseminated, sold, or transferred Plaintiff's and class members' biometric data.

45.     Plaintiff seeks an order requiring Defendants to disclose the standard of care that it employed to store, transmit, and protect class members biometrics.

46.     Plaintiff seeks an order enjoining Defendants from future violations of the Act.

47.     Plaintiff and class members do not know what Defendants has done (or intends to do) with their biometric data. Injunctive relief is necessary to afford Plaintiff and class members the safety and peace of mind envisioned by the passage of the Act.

<u>**PRAYER FOR RELIEF**</u>

Plaintiff asks the court to enter judgment in his favor against Defendants and issue an order:

a.  Certifying this case as a class action, naming Plaintiff class representative and his counsel as class counsel;

b.  Declaring that Defendants have violated the Illinois Biometric Information Privacy Act, and enter a judgment in favor of Plaintiff and the class;

c.  Awarding statutory damages of $5,000 for each willful and/or reckless violation of the Act;

d.  Awarding statutory damages of $1,000 for each negligent violation of the Act;

e.  Awarding injunctive and equitable relief as necessary to protect the interests of the Plaintiff and the class;

f.  Awarding punitive damages pursuant to the formula set forth in 820 ILCS § 105/12(a);

g.  Declaring that Defendants' conduct violated the Act;

h.  Awarding reasonable attorneys' fees and costs of this action;

i.  Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

j.  Awarding such other general and equitable relief as this Court deems equitable and just.

*Respectfully submitted,*

*/s/ William H. Beaumont*

Roberto Luis Costales (#6329085)
William H. Beaumont (#6323256)
BEAUMONT COSTALES LLC
107 W. Van Buren, Suite 209
Chicago, IL 60605
Telephone: (773) 831-8000
rlc@beaumontcostales.com
whb@beaumontcostales.com
*Attorneys for Plaintiff*

 **CT Corporation**

**Service of Process Transmittal**
09/03/2021
CT Log Number 540189021

TO: Tara Mackey
AZZ Incorporated
3100 W 7th St Ste 500, One Museum Place
Fort Worth, TX 76107-8701

RE: **Process Served in Texas**

FOR: AZZ Inc. (Domestic State: TX)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | JOHN HANCOCK, on behalf of himself and other persons similarly situated vs. AAA GALVANIZING - PEORIA, INC. |
| **DOCUMENT(S) SERVED:** | - |
| **COURT/AGENCY:** | None Specified<br>Case # 2021L000612 |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 09/03/2021 at 12:19 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | None Specified |
| **ATTORNEY(S) / SENDER(S):** | None Specified |
| **ACTION ITEMS:** | CT has retained the current log, Retain Date: 09/03/2021, Expected Purge Date: 09/08/2021 |
| | Image SOP |
| | Email Notification,  Tara Mackey  taramackey@azz.com |
| | Email Notification,  Mary Jackson  MaryJackson@azz.com |
| **REGISTERED AGENT ADDRESS:** | C T Corporation System<br>1999 Bryan Street<br>Suite 900<br>Dallas, TX 75201<br>866-665-5799<br>SouthTeam2@wolterskluwer.com |

The information contained in this Transmittal is provided by CT for quick reference only. It does not constitute a legal opinion, and should not otherwise be relied on, as to the nature of action, the amount of damages, the answer date, or any other information contained in the included documents. The recipient(s) of this form is responsible for reviewing and interpreting the included documents and taking appropriate action, including consulting with its legal and other advisors as necessary. CT disclaims all liability for the information contained in this form, including for any omissions or inaccuracies that may be contained therein.



## PROCESS SERVER DELIVERY DETAILS

**Date:**                              Fri, Sep 3, 2021

**Server Name:**                       Kyle Bowers

| Entity Served | AZZ INC. |
|---|---|
| Case Number | 2021L000612 |
| Jurisdiction | TX |



Served by White's Process Service 09/03/2021 Case 37159

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| STATE OF ILLINOIS, CIRCUIT COURT<br><br>Will _____ COUNTY | **SUMMONS** | *For Court Use Only* |
|---|---|---|

| **Instructions ▼** | | |
|---|---|---|
| Enter above the county name where the case was filed. | John Hancock _____<br>**Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the names of all people you are suing as Defendants/ Respondents. | v.<br><br>AAA Galvanizing - Peoria, Inc. and AZZ, Inc. _____ | **2021L 000612** _____ |
| Enter the Case Number given by the Circuit Clerk. | **Defendant / Respondent** *(First, middle, last name)* | **Case Number** |

| | |
|---|---|
| In **1**, if your lawsuit is for money, enter the amount of money you seek from the Defendant/ Respondent. | **1.  Information about the lawsuit:**<br>Amount claimed:  $ in excess of 50,000 _____ |
| In **2**, enter your contact information. If more than 1 person is bringing this lawsuit, attach an *Additional Plaintiff/Petitioner Contact Information* form. | **2.  Contact information for the Plaintiff/Petitioner:**<br>Name *(First, Middle, Last)*:  William H. Beaumont _____<br>Street Address, Apt #:  107 W. Van Buren, Suite 209 _____<br>City, State, ZIP:  Chicago, IL 60605 _____<br>Telephone:  (773) 831-8000 _____<br>See attached for additional Plaintiff/Petitioner contact information |
| In **3**, enter the name of the person you are suing and their address. If more than 1 person is being sued, attach an *Additional Defendant/Respondent Contact Information* form. | **3.  Contact information for the Defendant/Respondent:**<br>Name *(First, Middle, Last)*:  AZZ, Inc. c/o CT Corporation _____<br>Street Address, Apt #:  1999 BRYAN ST., STE. 900 _____<br>City, State, ZIP:  DALLAS, TX 75201 _____<br>Telephone: _____<br>See attached for additional Defendant/Respondent contact information |

| | |
|---|---|
| **Important Information for the person receiving this form:** | You have been sued.<br><br>Follow the instructions on the next page on how to appear/answer.<br><br>• If you do not appear/answer the court may decide the case without hearing from you and enter a judgment against you for what the plaintiff/petitioner is asking.<br>• Your written appearance/answer must be filed on time and in the proper form.<br>• Forms for a written appearance/answer are available here:<br>  http://www.illinoiscourts.gov/forms/approved/default.asp<br><br>If you cannot afford to pay the fee for filing your appearance/answer, ask the circuit clerk for an *application for waiver of court fees.*<br><br>You should read all of the documents attached. |

SU-S 1503.1                             Page 1 of 4                    Kyle Bowers  (09/18)<br>                                                                     2021/09/03 12:19:41

Enter the Case Number given by the Circuit Clerk: _____

<table>
<tr><td rowspan="2">In **4**, the Circuit Clerk will give you the court date or appearance date, check any boxes that apply, and include the address of the court building and room where the Defendant/ Respondent must file their response.</td><td>**4.** **Instructions for person receiving this form (Defendant/Respondent):**</td></tr>
</table>

**4.**    **Instructions for person receiving this form (Defendant/Respondent):**

To respond to this *Summons* you must:

☐ Go to court:

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____ Court Room: _____

City, State, ZIP: _____

☐ File a written *Appearance* and *Answer/Response* with the court:

On or before this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: _____

☑ File a written *Appearance* and *Answer/Response* with the court within 30 days from the day you receive this *Summons* (listed below as the "Date of Service").

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP:   100 W. Jefferson Street Joliet, IL 60432

---

**STOP!**
The Circuit Clerk will fill in this section.

Witness this Date:   8/10/2021

Clerk of the Court:   *Andrea Lynn Chasteen*    *l of Court*

---

**STOP!**
The officer or process server will fill in the Date of Service.

**This *Summons* must be served within 30 days of its date, listed above.**

Date of Service: _____

*(Date to be entered by an officer or process server on the copy of this Summons left with the Defendant/Respondent or other person.)*

---

| **Plaintiff/Petitioner:** | To serve this *Summons*, you must hire the sheriff (or a private process server outside of Cook County) to deliver it and your Complaint/Petition to the Defendant/Respondent. If the sheriff (or private process server outside of Cook County) tries but can't serve the *Summons*, fill out another summons and repeat this process. |
|---|---|

| **Attention:** | E-Filing is now mandatory for documents in civil cases with limited exemptions. To e-file, you must first create an account with an e-filing service provider. Visit http://efile.illinoiscourts.gov/service-providers.htm to learn more and to select a service provider. If you need additional help or have trouble e-filing, visit http://www.illinoiscourts.gov/faq/gethelp.asp. or talk with your local circuit clerk's office. |
|---|---|

**This form is approved by the Illinois Supreme Court and is required to be accepted in all Illinois Circuit Courts.**

| STATE OF ILLINOIS,<br>CIRCUIT COURT<br><br>Will_____ COUNTY | AFFIDAVIT OF SERVICE OF<br>SUMMONS AND<br>COMPLAINT/PETITION | *For Court Use Only* |
|---|---|---|

| **Instructions** | | |
|---|---|---|
| Enter above the county name where the case was filed. | John Hancock<br>_____<br>**Plaintiff / Petitioner** *(First, middle, last name)* | |
| Enter your name as Plaintiff/Petitioner. | | |
| Enter the name of the person you are suing as Defendant/Respondent. | v.<br><br>AAA Galvanizing - Peoria, Inc. and AZZ, Inc.<br>_____ | _____ |
| Enter the Case Number given by the Circuit Clerk. | **Defendant / Respondent** *(First, middle, last name)* | **Case Number** |

**\*\*Stop. Do not complete the form. The sheriff will fill in the form.\*\***

| **DO NOT** complete this section. The sheriff will complete it. | My name is _____ and I swear under oath<br>*First, Middle, Last*<br>that I served the *Summons* and Complaint/Petition on the Defendant/Respondent |
|---|---|

_____ **as follows:**
*First, Middle, Last*

☐ Personally on the Defendant/Respondent:

Male: ☐  Female: ☐  Approx. Age: _____  Hair Color: _____

Height: _____  Weight: _____

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: _____

☐ At the Defendant/Respondent's home:

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: _____

And left it with: _____
*First, Middle, Last*

Male: ☐  Female: ☐  Approx. Age: _____

and by sending a copy to this defendant in a postage-paid, sealed envelope to the

above address on _____ , 20 _____ .

☐ On the Corporation's agent, _____
*First, Middle, Last*

On this date: _____ at this time: _____ ☐ a.m. ☐ p.m.

Address: _____

City, State, ZIP: _____

Enter the Case Number given by the Circuit Clerk:_____

| | |
|---|---|
| **DO NOT** complete this section. The sheriff, or private process server will complete it. | |

**By:**

_____
*Signature*

**FEES**

By certified/registered     $ _____

Service and Return     $ _____

Miles: _____     $ _____

_____
*Print Name*

Total    $ _____

SU-S 1503.1                  Page 4 of 4                  (09/18)

Andrea Lynn Chasteen
Will County Circuit Clerk
Twelfth Judicial Circuit Court
Electronically Filed
2021L 000612
Filed Date: 8/10/2021 3:48 PM
Envelope: 14383344
Clerk: KJ

IN THE CIRCUIT COURT OF THE TWELFTH JUDICIAL CIRCUIT
WILL COUNTY, ILLINOIS

| | |
|---|---|
| JOHN HANCOCK, on behalf of himself and other persons similarly situated,<br><br>       Plaintiff,<br><br>v.<br><br>AAA GALVANIZING - PEORIA, INC. and AZZ, INC.,<br><br>       Defendants. | Case No.:   **2021L 000612**<br><br><br>CLASS ACTION COMPLAINT |

Plaintiff John Hancock files the following Class Action Complaint against Defendants AAA Galvanizing - Peoria, Inc. and AZZ, Inc.:

## NATURE OF THE ACTION

1.      This is an action by John Hancock ("Plaintiff") on behalf of himself and a class of similarly situated individuals ("class members") to obtain statutory damages and other equitable relief under the Illinois Biometric Information Privacy Act ("BIPA" or "the Act").

2.      Plaintiff and class members are subject to the unlawful biometric scanning and storage practices of the Defendants, AAA Galvanizing - Peoria, Inc. and AZZ, Inc.

3.      As past and present employees of Defendants, Plaintiff and class members were required to provide Defendants with their personalized biometric indicators and the biometric information derived therefrom ("biometric data"). Specifically, Defendants collect and store their employees' fingerprints and require their employees to clock-in and clock-out by scanning their fingerprints into a fingerprint-scanning machine.

4.      Following the capture of their employees' biometric data, Defendants use this data to compare the future scans of their employees' fingerprints into a punch-clock device. The punch-

Initial case management set for
11/29/2021    at:   9:00    a.m.

clock device scans each fingerprint and confirms that the employee punching in to work is who they claim to be. The collection of the punch-clock fingerprint entries is then used to confirm employees' presence.

5.     Plaintiff and class members have not been notified where their fingerprints are being stored, for how long Defendants will keep the fingerprints, and what might happen to this valuable information.

6.     The State of Illinois recognized the value and importance of preserving people's biometric data when it passed the Illinois Biometric Information Privacy Act.

7.     Unlike other forms of personal identification, such as photo IDs or passwords, fingerprints are immutable aspects of our bodies. This makes them a promising source of future identification-related technology, particularly in our increasingly insecure technological world.

8.     If Defendants insists on collecting and storing their employees' fingerprints, Defendants must comply with BIPA. This includes (1) notifying employees the practice is taking place; (2) informing employees of how the practice is implemented; (3) obtaining written consent from the employees to collect and store their biometric data; (4) maintaining their employees' biometric data in a sufficiently secure manner; and (5) maintaining a publicly available disclosure of how the biometric data will be handled and destroyed.

9.     Unfortunately for Plaintiff and class members, none of these directives were followed. Accordingly, Plaintiff brings this action on behalf of himself and class members to obtain statutory damages and injunctive relief for violations of the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1 *et seq*.

## JURISDICTION

10.     This Court has jurisdiction over Defendants because Defendants do business extensively in Illinois. Furthermore, Defendants' unlawful conduct arose and was perpetuated by Defendants in Illinois.

## VENUE

11.     Venue is proper in this Court because Defendants are doing business and have a base of operations in Will County. Additionally, Defendants' unlawful conduct arose and was perpetuated by Defendants while they were located in Will County.

## PARTIES

12.     Plaintiff is a citizen of Illinois and was subject to the same fingerprint-storing practices as other of Defendants' employees, outlined in further detail below.

13.     Defendant AAA Galvanizing - Peoria, Inc. is an Illinois-based corporation and conducts substantial business in the state of Illinois.

14.     Defendant AZZ, Inc. is the corporate parent of AAA Galvanizing - Peoria, Inc. and conducts substantial business in the state of Illinois.

15.     Plaintiff worked at AZZ, Inc.'s division AAA Galvanizing - Peoria, Inc. The conditions of Plaintiff's work environment, including matters pertaining to employee timekeeping and employee privacy were controlled by Defendants AZZ, Inc. and AAA Galvanizing - Peoria, Inc.

16.     Plaintiff's employment file was maintained by both AZZ, Inc. and AAA Galvanizing - Peoria, Inc.

## FACTUAL ALLEGATIONS

17.     During the class period Defendants required certain employees to scan their fingerprints in order to clock in and out at Defendants' jobsites.

18.     As part of this process, Defendants recorded and stored certain employees' fingerprint biometrics using fingerprint-scanning computer technology.

19.      As part of this process, Defendants associated employees' biometric data with their personal identifying information, such as name and address.

20.     Thus, Defendants caused the biometric data from employees' fingerprints to be recorded, collected, and stored.

21.     Defendants did not inform in writing either Plaintiff or class members that their biometric data was being recorded, obtained, collected, and/or stored.

22.     Defendants did not inform in writing either Plaintiff or class members the specific purpose and length of term for which their biometric data would be collected, stored, and/or used.

23.     Defendants did not obtain Plaintiff's or class members' written consent to record, collect, obtain, and/or store Plaintiff and class members' biometric data.

24.     Defendants did not obtain Plaintiff's or class members' written consent to capture and store Plaintiff's and class members' biometric data.

25.     Defendants did not disclose to Plaintiff, class members, or the public its written retention schedule and guidelines for permanently destroying employee biometric data.

26.     Defendants did disclose to Plaintiff or class members, in writing, of the specific purpose and length of term for which it was collecting, storing, and/or using class members' biometric information.

27.     Defendants did not disclose to Plaintiff the identities of any third parties with whom Defendants were directly or indirectly sharing, disclosing, or otherwise disseminating class members' biometric information.

28.     Upon information and belief, Defendants are storing their data in a manner less secure than it stores other similarly sensitive data. Upon information and belief, Defendants store their employees' social security numbers (along with similar personal data) and confidential business records on personal computer systems with demonstrably more security than their fingerprint scanning machines possess. In addition to higher cyber security, Defendants' personal computer systems are in secure physical locations not as easily accessible to third-parties and Defendants' employees.

<u>**CLASS ACTION ALLEGATIONS**</u>

29.     Plaintiff seeks to certify a class action pursuant to 735 ILCS § 5/2-801 on behalf of the following class:

> *"All individuals whose biometric data Defendants collected or stored in Illinois."*

30.     Class treatment in this case is appropriate because:

(a) The class is so numerous that joinder of all members is impracticable. While the precise number of class members has not been determined, Plaintiff is informed and believes that there are sufficiently numerous class members such that joinder in impracticable;

(b) There are questions of fact or law common to the class, which common questions predominate over any questions affecting only individual members; these common questions of law and fact include, without limitation:

      i.  Whether Defendants collected and recorded class members' biometric data;

      ii.  Whether Defendants obtained any class members' written consent to collect their biometric data;

      iii.  Whether Defendants' conduct violates the BIPA; and

      iv.  Whether Plaintiff and class members are entitled to damages and/or injunctive relief.

(c) Given the nature of the employer-employment relationship, and the fact that Defendants' employees will likely risk their jobs and/or livelihoods to enforce their rights under the BIPA, members of the class will be reluctant to bring forth claims for unpaid wages and notices violations for fear of retaliation;

(d) The class representative, class members and Defendants have a commonality of interest in the subject matter and remedies sought and the Plaintiff is able to fairly and adequately represent the interest of the class. If individual actions were required to be brought by each member of the class injured or affected, the result would be a multiplicity of actions creating a hardship on the class members, the Defendants and the Court.

(e) The class action provides a superior method for fairly and efficiently adjudicating this controversy because many class members cannot feasibly vindicate their rights by individual suit because the value of their recoveries are outweighed by the burden and expense of litigating against the Defendants.

31.    Therefore, a class action is an appropriate method for the fair and efficient adjudication of this lawsuit.

<u>COUNT I</u>
## <u>VIOLATIONS OF ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT</u>
(Damages)

32.     Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

33.     Defendants recorded, collected, and stored Plaintiff's and class members' biometric identifiers and biometric information as defined by 740 ILCS § 14/10 of the Act. Every instance of Defendants collecting, capturing, storing, and/or sharing Plaintiff's and class members' biometrics identifiers and biometric information constitutes a violation of the Act.

34.     Defendants violated Section 14/15(a) of the Act by failing to develop and/or make public a written policy to Plaintiff and class members.

35.     Defendants violated Section 14/15(b) of the Act by collecting, capturing, obtaining and storing Plaintiff's and class members' biometric identifiers and/or information without informing them in writing and obtaining a written release, that:

> (a) The biometric data was being recorded, obtained, collected, or stored; and

> (b) The specific purpose and length of term for which the biometric data was being collected, captured, obtained, and/or stored.

36.     Defendants violated 14/15(e) of the Act by failing to store class members biometric data using the reasonable standard of care within its industry and/or in a manner that is the same as or more protective than the manner in which they store, transmit, and protect other confidential and sensitive information.

37.     Defendants' conduct is at best negligent and at worst reckless.

38.     Accordingly, Defendants are liable to Plaintiff and class members in the amount of liquidated damages, or actual damages, whichever is greater. 740 ILCS § 14/20(1).

<u>COUNT II</u>
<u>VIOLATIONS OF ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT</u>
(Injunctive Relief)

39.     Plaintiff incorporates by reference each of the preceding allegations as though fully set forth herein.

40.     The Act provides for injunctive relief. 740 ILCS § 14/20(4).

41.     Plaintiff and class members are entitled to an order requiring Defendants to make disclosures consistent with the Act and enjoining further unlawful conduct.

42.     Plaintiff seeks an order requiring Defendants to publicly disclose a written policy establishing the specific purpose and length of term for which class members' biometric data has been collected, stored, and used. Additionally, Plaintiff seeks a disclosure from Defendants relative to their policy of permanently destroying class members' biometric data. 740 ILCS § 14/15(a).

43.     Plaintiff seeks an order requiring Defendants to disclose whether Defendants retained his or any other class members' biometrics, and, if so, when and how such biometrics were permanently destroyed.

44.     Plaintiff seeks an order requiring Defendants to disclose to whom it has disseminated, sold, or transferred Plaintiff's and class members' biometric data.

45.     Plaintiff seeks an order requiring Defendants to disclose the standard of care that it employed to store, transmit, and protect class members biometrics.

46.     Plaintiff seeks an order enjoining Defendants from future violations of the Act.

47.     Plaintiff and class members do not know what Defendants has done (or intends to do) with their biometric data. Injunctive relief is necessary to afford Plaintiff and class members the safety and peace of mind envisioned by the passage of the Act.

<u>PRAYER FOR RELIEF</u>

8

Plaintiff asks the court to enter judgment in his favor against Defendants and issue an order:

a.  Certifying this case as a class action, naming Plaintiff class representative and his counsel as class counsel;

b.  Declaring that Defendants have violated the Illinois Biometric Information Privacy Act, and enter a judgment in favor of Plaintiff and the class;

c.  Awarding statutory damages of $5,000 for each willful and/or reckless violation of the Act;

d.  Awarding statutory damages of $1,000 for each negligent violation of the Act;

e.  Awarding injunctive and equitable relief as necessary to protect the interests of the Plaintiff and the class;

f.  Awarding punitive damages pursuant to the formula set forth in 820 ILCS § 105/12(a);

g.  Declaring that Defendants' conduct violated the Act;

h.  Awarding reasonable attorneys' fees and costs of this action;

i.  Awarding pre-judgment and post-judgment interest on all monetary amounts awarded in this action; and

j.  Awarding such other general and equitable relief as this Court deems equitable and just.

*Respectfully submitted*,

*/s/ William H. Beaumont*
_____
Roberto Luis Costales (#6329085)
William H. Beaumont (#6323256)
BEAUMONT COSTALES LLC
107 W. Van Buren, Suite 209
Chicago, IL 60605
Telephone: (773) 831-8000
rlc@beaumontcostales.com
whb@beaumontcostales.com
*Attorneys for Plaintiff*