**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| JOHN HANCOCK, on behalf of himself and other persons similarly situated,<br><br>        Plaintiff,<br><br>   v.<br><br>AAA GALVANIZING - PEORIA, INC. and AZZ INC.,<br><br>        Defendants. | Case No.: 1:21-cv-4890<br><br>Hon. Judge Charles R. Norgle, Sr.<br><br>**Removed From:**<br>The Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois, Law Division Case No. 2021L000612 |

**DEFENDANTS' MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT OR, IN THE ALTERNATIVE, DEFENDANTS' UNOPPOSED MOTION TO STAY THESE PROCEEDINGS**

Defendants, AAA Galvanizing – Peoria, Inc. d/b/a AZZ Galvanizing – Peoria ("AZZ Peoria") and AZZ Inc. ("AZZ") (collectively "Defendants"), by and through their undersigned attorneys, Baker & McKenzie LLP, hereby move this Court to dismiss Plaintiff's Complaint with prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6); or in the alternative, to stay these proceedings for one hundred and twenty (120) days. In support of this Motion, Defendants contemporaneously file their Memorandum of Law and state as follows:

    1.    On August 10, 2021, Plaintiff John Hancock filed his Class Action Complaint against Defendants in the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois. (*See* ECF No. 1-1).

    2.    On September 15, 2021, Defendants timely removed this matter to federal court. (*See* ECF No. 1).

    3.    Plaintiff generally alleges that Defendants violated BIPA by requiring Plaintiff and putative class members who have not been identified or classified "to scan their fingerprints in

order to clock in and out at Defendants' jobsites" and failed to: (1) develop and/or make public a written retention schedule and guidelines for permanently destroying employee biometric data; (2) inform them in writing of the purpose and length of time for which their biometric identifiers and/or information were being collected and stored and obtain a written release from them; and (3) use the reasonable standard of care within Defendants' industry and/or the manner that is the same or more protective than the manner in which Defendants' store, transmit, and protect other sensitive and confidential information to store the biometric data. (*See* ECF No. 1-1 ¶¶ 17, 26, 34-36).

4. Plaintiff's Complaint should be dismissed in its entirety because Plaintiff's claims are preempted by the Illinois Workers' Compensation Act.

5. Further, the Court should dismiss Plaintiff's allegations of intentional or reckless violations of BIPA under 740 ILCS 14/20(2) because they are insufficiently pleaded.

6. In the alternative, Defendants are requesting that the Court stay this action pending the Illinois Supreme Court's decision in *McDonald v. Symphony Bronzeville Park, LLC*, the Illinois Appellate Court decision in *Marion v. Ring Container Technologies, LLC*, and the Seventh Circuit's decision in *Cothron v. White Castle Sys., Inc.* In *McDonald*, the Illinois Supreme Court will decide whether the IWCA preempts claims under BIPA. In *Marion*, the Illinois Appellate Court will decide whether a one or two-year statute of limitations applies to BIPA claims. In *Cothron*, the Seventh Circuit will decide whether a BIPA violation occurs only when a defendant is alleged to have first collected biometrics, or whether a violation occurs each time biometrics are collected.

7. As set forth in Defendants' supporting Memorandum of Law, the decisions in *McDonald*, *Marion*, and *Cothron* could dispose of Plaintiff's claims against Defendants in their

entirety, or substantially impact the size of the putative class, the scope of discovery, and any alleged damages. Therefore, Defendants alternatively ask the Court to stay these proceedings as a matter of judicial economy.

8. On September 17, 2021, Plaintiff's counsel and Defendants' counsel conferred about Defendants' requested stay. Plaintiff has no objection to Defendants' motion to stay these proceedings for one hundred and twenty (120) days in anticipation of the pending appellate decisions in *McDonald*, *Marion*, and *Cothron*.

**WHEREFORE**, Defendants AAA Galvanizing – Peoria, Inc. d/b/a AZZ Galvanizing – Peoria and AZZ Inc. respectfully request that this Court dismiss Plaintiff's Complaint in its entirety with prejudice under Rule 12(b)(6) of the Federal Rules of Civil Procedure; or, alternatively, stay these proceedings for one hundred and twenty (120) days in anticipation of the appellate decisions in *McDonald*, *Marion*, and *Cothron*.

Dated: September 22, 2021

Respectfully submitted,

AAA Galvanizing – Peoria, Inc. d/b/a AZZ Galvanizing – Peoria and AZZ Inc.

By: */s/ William F. Dugan*
William F. Dugan
One of Defendants' Attorneys

William F. Dugan
Remy D. Snead
**BAKER & MCKENZIE LLP**
300 E. Randolph St., Suite 5000
Chicago, IL 60605
Telephone: +1 312 861 8000
Facsimile: +1 312 861 2899
*william.dugan@bakermckenzie.com*
*remy.snead@bakermckenzie.com*

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 22, 2021, the foregoing Defendants' Motion to Dismiss Plaintiff's Class Action Complaint or, in the Alternative, Defendants' Unopposed Motion to Stay These Proceedings and all exhibits were filed with the Court via ECF filing, and that I served the foregoing documents and all exhibits thereto via e-mail on:

William H. Beaumont
Roberto Luis Costales
Beaumont Constales LLC
107 W. Van Buren, Suite 209
Chicago, IL 60605
rlc@beaumontcostales.com
whb@beaumontcostales.com
*Attorneys for Plaintiff*

By: */s/ William F. Dugan*_____
William F. Dugan