# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOHN HANCOCK, on behalf of himself and other persons similarly situated,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>AAA GALVANIZING - PEORIA, INC. and AZZ INC.,<br><br>　　　　Defendants. | Case No.: 1:21-cv-4890<br><br>Hon. Judge Charles R. Norgle, Sr.<br><br>**Removed From:**<br>The Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois, Law Division Case No. 2021L000612 |

## DEFENDANTS' SECOND UNOPPOSED MOTION
## TO EXTEND THE STAY OF THESE PROCEEDINGS

Defendants AAA Galvanizing – Peoria, Inc. d/b/a AZZ Galvanizing – Peoria and AZZ Inc. (collectively "Defendants"), by and through their undersigned counsel, file this second unopposed motion to extend the stay of these proceedings pending the Illinois Appellate Court's decision in *Marion v. Ring Container Technologies, LLC* and the Illinois Supreme Court's decision in *Cothron v. White Castle Systems, Inc.*, and to allow the parties to explore resolution of this matter through mediation in the interim. Counsel for the parties have conferred, and Plaintiff does not oppose extending the stay for ninety (90) days, through and including July 21, 2022.

In support of this unopposed motion, Defendants state as follows:

1.　On August 10, 2021, Plaintiff John Hancock filed a putative class action lawsuit against Defendants in the Circuit Court of the Twelfth Judicial Circuit, Will County, Illinois, Case No. 2021L000612.

2.　The Complaint generally alleges that Defendants violated the Illinois Biometric Information Privacy Act, 740 ILCS 14/1, *et seq.*, by requiring Plaintiff and putative class members who have not been identified or classified "to scan their fingerprints in order to clock in and out at

Defendants' jobsites" and failed to: (1) develop and/or make public a written retention schedule and guidelines for permanently destroying employee biometric data; (2) inform them in writing of the purpose and length of time for which their biometric identifiers and/or information were being collected and stored and obtain a written release from them; and (3) use the reasonable standard of care within Defendants' industry and/or the manner that is the same or more protective than the manner in which Defendants' store, transmit, and protect other sensitive and confidential information to store the biometric data. (*See* ECF No. 1-1 ¶¶ 17, 26, 34-36.)

3. Plaintiff served Defendants with the Complaint and Summons on August 16, 2021 and September 3, 2021, and Defendants timely removed this matter to federal court on September 15, 2021. (*See* ECF Nos. 1, 1-1.)

4. On September 22, 2021, Defendants filed a Motion to Dismiss Plaintiff's Class Action Complaint or, in the Alternative, an Unopposed Motion to Stay These Proceedings and a Memorandum in support of the same. (*See* ECF Nos. 9-10.)

5. On September 24, 2021, this Court granted Defendants' Unopposed Motion to Stay These Proceedings for 120 days, pending the Illinois Supreme Court's decision in *McDonald v. Symphony Bronzeville Park, LLC*, Case No. 126511, the Illinois Appellate Court's decision in *Marion v. Ring Container Technologies, LLC*, Case No. 3-20-0184 (3rd Dist.), and the Seventh Circuit's decision in *Cothron v. White Castle Systems, Inc.*, Case No. 20-3202. (*See id.*) Thus, the proceedings were stayed through January 22, 2022.

6. On January 21, 2022, Defendants filed an Unopposed Motion to Extend the Stay of These Proceedings, as the decisions in *McDonald*, *Marion*, and *Cothron* had not been issued and the parties desired to explore resolution of this matter while the decisions were pending. (*See* ECF No. 14.)

7. On January 25, 2022, this Court granted Defendants' Unopposed Motion to Extend the Stay of These Proceedings for 90 days. (ECF No. 16.) Thus, the proceedings are stayed through April 22, 2022. (*Id.*)

8. To date, the appellate decisions in *Marion* and *Cothron* have not been issued.

9. Additionally, the parties have agreed to continue exploring resolution of this matter through mediation and are in the process of deciding on a mediator and mediation date.

10. On April 18 and April 22, 2022, counsel for Defendants and counsel for Plaintiff conferred regarding an extension of the stay of these proceedings. Plaintiff does not oppose an extension of the stay for ninety (90) days, through and including July 21, 2022, in anticipation of the appellate decisions in *Marion* and *Cothron*, and to allow the parties to explore resolution of this matter through mediation in the interim.

11. A district court has the power to stay proceedings which is "incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. North Am. Co.*, 299 U.S. 248, 254 (1936).

12. As set forth in detail in Defendants' September 22, 2021 Unopposed Motion to Stay These Proceedings, the anticipated decisions in *Marion* and *Cothron* could significantly affect these proceedings. (*See* ECF Nos. 9-10.) Therefore, an extension of the stay of these proceedings is appropriate because it will simplify the issues in question in this litigation and reduce the burden of litigation on the parties and on the court. *See Pfizer, Inc. v. Apotex, Inc.*, 640 F. Supp. 2d 1006, 1007 (N.D. Ill. 2009).

13. This Second Unopposed Motion is made in good faith and not for the purpose of delay. Further, granting the extension that Defendants seek will not prejudice the parties to the litigation.

**WHEREFORE**, Defendants AAA Galvanizing – Peoria, Inc. d/b/a AZZ Galvanizing – Peoria and AZZ Inc. respectfully request that this Court enter an order extending the stay of these proceedings for ninety (90) days, through and including July 21, 2022.

| | |
|---|---|
| Dated: April 22, 2022 | Respectfully submitted, |
| | AAA Galvanizing – Peoria, Inc. d/b/a AZZ Galvanizing – Peoria and AZZ Inc. |
| | By: */s/ William F. Dugan* <br> William F. Dugan <br> One of Defendants' Attorneys |

William F. Dugan
Remy D. Snead
**BAKER & MCKENZIE LLP**
300 E. Randolph St., Suite 5000
Chicago, IL 60605
Telephone: +1 312 861 8000
Facsimile: +1 312 861 2899
*william.dugan@bakermckenzie.com*
*remy.snead@bakermckenzie.com*

## CERTIFICATE OF SERVICE

I hereby certify that on April 22, 2022, the foregoing Defendants' Second Unopposed Motion to Extend the Stay of These Proceedings was filed with the Court via ECF filing, and that I served the foregoing document thereto via e-mail on:

William H. Beaumont
Roberto Luis Costales
Beaumont Constales LLC
107 W. Van Buren, Suite 209
Chicago, IL 60605
rlc@beaumontcostales.com
whb@beaumontcostales.com
*Attorneys for Plaintiff*

By: _/s/ William F. Dugan_____
William F. Dugan