**CONFIDENTIAL – SUBJECT TO FEDERAL RULE OF EVIDENCE 408 &
ILLINOIS RULE OF EVIDENCE 408**

## CLASS ACTION SETTLEMENT TERM SHEET

Plaintiff John Hancock ("Plaintiff" or "Class Representative"), on behalf of himself and the other members of the Settlement Class, and AZZ, Inc., AZZ Galvanizing - Peoria, Inc., and their past, present, and future direct or indirect parents, subsidiaries and affiliates, brands, divisions, owners, members, shareholders, directors, officers, agents, managers, employees, vendors, successors, assignors, assignees, representatives, and all other related and affiliated parent, subsidiary and affiliated companies and divisions (collectively "AZZ" or "Defendant") (together the "Parties") have agreed to the material terms below for the settlement of all claims asserted against Defendant in *Hancock v. AZZ Galvanizing Peoria, Inc. and AZZ, Inc.,* Case No. 21-cv-4890 (N.D. Ill.), subject to court approval.

1.      The Parties agree to process the settlement in the Circuit Court of Will County, Illinois (the "Court"). The Parties agree that within three (3) days of the execution of a formal Settlement Agreement, the Parties shall file a stipulation to remand this action to the Court.

2.      The Parties agree to execute a Settlement Agreement (including the material terms set forth herein as well as other standard settlement terms to be agreed upon by the Parties) within thirty (30) days of the execution of this term sheet, to promptly thereafter select a Settlement Administrator and to cooperatively exchange all other necessary information and to perform all other necessary tasks to enable Plaintiff's Counsel to file a motion for preliminary approval of the Settlement within sixty (60) days following the execution of this term sheet. The Settlement Agreement shall include a standard proposed timetable, agreeable to both Parties and subject to the court's approval, for the filing of claims, requests for exclusion, and the motion for final approval, as well as for the final approval hearing date.

3.      Defendant will pay $674,661 (the "Settlement Sum") into a settlement fund (the "Settlement Fund"). The Settlement Sum represents $531 for each Settlement Class Member who has signed an AZZ Biometric Information Security Policy which includes a waiver of BIPA claims, and $950 for each Settlement Class Member who has not signed an AZZ Biometric Information Security Policy including a waiver of BIPA claims, based on an understanding that the Settlement Class consists of approximately 181 individuals who have signed the waiver and 609 individuals who have not signed the waiver. The Parties reserve the right to rescind this agreement should the final count of Settlement Class Members exceed 790 persons, unless Defendant agrees to increase the Settlement Sum by an amount proportionate to the final count of Settlement Class Members (*i.e.*, $950 or $531 multiplied by the final count of Settlement Class Members, taking into account whether the individuals have or have not signed a waiver).

4.      Claims administration, notice, Plaintiff's attorneys' fees and costs, and any Class Representative incentive payments are to be paid from the Settlement Fund. The Settlement Sum represents the total extent of Defendant's monetary obligations under the Settlement Agreement.

5.      The Settlement Class will be defined to include all individuals whose hand or palm scan(s) and/or associated biometric identifier, information, or data was captured, obtained, stored, transferred and/or used by Defendant's timekeeping system in one or more of Defendant's facilities located within the State of Illinois between August 10, 2016 and August 10, 2021. Defendant does not consent to the certification of the class for any purpose other than to effectuate this settlement.

6. Class notice will be provided by a well-established claims administrator to be agreed upon by the Parties, with a notice plan designed to achieve no less than 75% reach. Reasonable consent will not be withheld.

7. No later than 21 days after execution of this Term Sheet, Defendant will produce to Plaintiff's Counsel an electronic list that includes anonymized names of all persons within the Settlement Class. Defendant will provide Class Counsel with a written representation that the electronic list is accurate and complete to the best of a company representative's knowledge.

8. No later than 28 days after execution of a final Settlement Agreement and the Court's entry of a corresponding preliminary approval order, Defendant will produce an electronic list from its records that includes the names and last known email and postal addresses, to the extent available, belonging to persons within the Settlement Class. This list will be provided to the claims administrator for the purpose of giving notice to the Settlement Class Members, with a copy to Plaintiff's Counsel.

9. Each Settlement Class Member will receive a check for their share of the Settlement Fund without the need to make a claim. All uncashed checks will be distributed *cy pres* to the entity of Defendant's choosing, with consent of Class Counsel which will not be unreasonably withheld.

10. Defendant represents it is providing all notices and consents as required by BIPA.

11. The Class Representative may apply to the Court for class representative incentive payments of not more than $5,000.

12. Class Counsel shall apply to the Court for payment of an award of attorneys' fees of up to 40% of the total Settlement Fund, and also for reimbursement of Class Counsel's costs and expenses incurred on behalf of the Plaintiff and the Class. Such fees, costs, and expenses, if approved by the court, shall be payable within 30 days following the court's final order approving the settlement and fee award. If the Court orders less than 40% of the total Settlement Fund for attorneys' fees, costs, and expenses, the remainder shall be distributed to the Class Members pro rata.

13. Defendant, while continuing to deny all allegations of wrongdoing and disclaiming all liability with respect to all claims, considers it desirable to resolve the action on the terms stated herein to avoid further expense, inconvenience, and burden, and therefore have determined that this settlement on the terms set forth herein is in Defendant's best interests. Neither the settlement agreement nor any actions taken to carry out the settlement are intended to be, nor may they be deemed or construed to be, an admission or concession of liability, or of the validity of any claim, defense, or of any point of fact or law on the part of any party. Defendant denies the material allegations of the complaint in this action. Neither the settlement agreement, nor the fact of settlement, nor settlement proceedings, nor the settlement negotiations, nor any related document, shall be used as an admission of any fault or omission by Defendant, or be offered or received in evidence as an admission, concession, presumption, or inference of any wrongdoing by Defendant in any proceeding.

14. The Settlement will release any and all causes of action or claims whatsoever against AZZ, Inc., AZZ Galvanizing - Peoria, Inc., and their past, present, and future direct or indirect parents, subsidiaries and affiliates, brands, divisions, owners, members, shareholders, directors, officers, agents, managers, employees, vendors, successors, assignors, assignees, representatives, and all other related and affiliated parent, subsidiary and affiliated companies and divisions (collectively, the "Releasees") arising out of, relating to, or connected with the alleged capture, collection, storage, possession, transmission, purchase, receipt through trade, sale, lease, trade, profit, disclosure, re-disclosure, dissemination, transmission, protection, conversion, and/or use of biometric identifiers, biometric information or other biometric data in connection with Defendant's biometric timekeeping system, including but not limited to causes of action or claims brought under BIPA or any related or similar statutes or common law. The release of claims includes without limitation all causes of action or claims that arise from, are connected or associated with, or are related to the claims (whether common law and/or statutory) that were or could have been asserted in the pending litigation or any related actions, regardless of whether such claims are known or unknown, filed or unfiled, asserted or as yet unasserted, existing or contingent, whether in contract, tort, or otherwise, including statutory, common law, property, employment related, and any additional constitutional, common law and/or statutory claims.

15. The undersigned counsel represent and warrant that they have authority to execute this term sheet on behalf of their respective clients.

16. Except as provided herein, there shall be no comments made to the press or any third party, or any other disclosure by or through the Parties or their attorneys or agents, comprising opinions as to the litigation. Plaintiff and Class Counsel shall not make any public statement, including any statement to the press, regarding the Settlement Agreement or settlement aside from the following agreed upon statement: "[The Parties] have reached a proposed agreement and look forward to the Court's review and decision." Similarly, Defendant and Defendant's Counsel shall not make any public statement, including any statement to the press, regarding the Settlement Agreement or settlement.

17. The settlement is conditioned upon preliminary and final approval of the Settlement Agreement, and all terms and conditions thereof without material change, material amendments, or material modifications by the Court (except to the extent such changes, amendments or modifications are agreed to in writing between the Parties). Either Party may elect to terminate and cancel this Settlement Agreement within ten (10) days of any of the following events:

  o  This Settlement Agreement is changed in any material respect to which the Parties have not agreed in writing;

  o  The Court refuses to grant Preliminary Approval of the Settlement;

  o  The Court refuses to grant Final Approval of the Settlement; or

  o  The Court refuses to enter a Final Approval Order or a final judgment in the Litigation; or

  o  The Settlement Agreement may be terminated and cancelled, at the sole and

exclusive discretion of Defendant, if more than 10% of the Settlement Class Members timely and validly exclude themselves from the settlement.

18.     This term sheet is binding and may be enforced under any procedure permitted by the court in which this case is pending.  The Parties will keep this term sheet confidential in advance of executing a final settlement agreement, except that this term sheet will be admissible and subject to disclosure to the extent necessary to enforce the agreement.


Dated: _____          Baker & McKenzie LLP


By:_____
     William F. Dugan
     Counsel for Defendants AZZ Galvanizing
     Peoria, Inc. and AZZ, Inc.


                    6/21/2022
Dated: _____          BEAUMONT COSTALES LLC


By:_____
     Roberto Costales
     On behalf of Plaintiff and putative class
     members